

STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, NY 10018
(212) 308-3444 Main
(212) 836-9595 Fax
www.steinllp.com

David Stein: DSTEIN@STEINLLP.COM
(admitted in NY, NJ, PA, DC, IL)

David Nieporent: DNIEPORENT@STEINLLP.COM
(admitted in NY, NJ)

November 10, 2022

**VIA ECF**

Hon. Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

      **Re:**    **Dicks v. AmeriMark Direct LLC d/b/a Beauty Boutique**
                  *Case No. 22-cv-6441 (PGG) (KHP)*

Dear Judge Gardephe:

      We represent defendant AmeriMark Direct LLC in the above-referenced matter, and we submit this letter pursuant to paragraph IV.A. of Your Honor's Individual Rules and Practices to request a pre-motion conference in this case for the purpose of making a motion to dismiss. Defendant seeks to move to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

      This is a case brought under the Americans with Disabilities Act about a website that supposedly is inaccessible to the visually impaired; the arguments in this letter will thus sound familiar, because this case (although involving different plaintiff's counsel) presents similar issues to ones we have raised with the Court in pre-motion letters before. We will nevertheless set out our arguments in full for the benefit of the Court and plaintiff's counsel:

      As noted, this case was brought under the Americans with Disabilities Act (and parallel New York State and City law) about a purportedly inaccessible website; it represents just one of hundreds of cookie-cutter website accessibility lawsuits filed each month by a handful of plaintiffs/plaintiffs' attorneys in this district. It alleges that defendant violated the ADA in that its website was in some way not accessible to plaintiff, who is purportedly blind or visually impaired. Like all of these lawsuits, the complaint in the instant case is largely boilerplate, containing generic phrases such as that the website "provides to the public a wide array of the goods, services, price specials and other programs offered by" defendant. (This complaint, unlike some filed by other attorneys in cases of this nature, does offer a few details about the alleged defects with the website.)

      As an initial matter, plaintiff lacks standing to bring the ADA claims asserted. In order to establish Article III standing, a plaintiff must sufficiently plead: "(l) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the

Hon. Paul G. Gardephe, U.S.D.J.
November 10, 2022
Page 2 of 3

defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc., v. Laidlaw Environmental Services (TOC) Inc*., 528 U.S. 167, 180-81 (2000). But plaintiff has failed to satisfy the third element of standing because she has failed to adequately plead that she would be injured in the future by the alleged problems with the website. (Because the ADA provides only for injunctive relief, plaintiff must establish that he would suffer such future injury. But she pleads only conclusorily that she intends to return to the website at some point in the future, even though courts in this Circuit require something more than a vague possibility of returning. In *Calcano v. Swarovski North America Limited*, 36 F.4th 68, 76, the Second Circuit made clear that merely reciting a hypothetical intent to return at some indefinite time is "nothing more than 'legal conclusion[s] couched as ... factual allegation[s].'")

Moreover, defendant contends that plaintiff's complaint fails to state a claim upon which relief can be granted because the website in question is not a place of public accommodation covered by Title III of the Americans with Disabilities Act. Specifically, it is a standalone website that lacks any connection to a public facing brick and mortar business. Numerous courts — including five circuit courts of appeal — have held that Title III of the ADA, pursuant to which this lawsuit has been brought, does not cover such intangible businesses, but only physical places of public accommodation.

Plaintiff will *attempt* to portray this as a settled legal question, and therefore argue that defendant's motion is moot or a waste of the Court's time. There is no controlling law in the Second Circuit as to that argument, and the district court judges in this circuit are split on the issue. The majority of circuit courts of appeal to have considered the issue have found that the ADA only applies to physical businesses. While a strict counting of district court decisions in this circuit would come out in plaintiff's favor, defendant believes that the most comprehensive analysis of the actual statutory text, decided just last year, was *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173 (E.D.N.Y. 2021). In addition, two other cases handed down last year, *Suris v. Gannett Co*., 2021 WL 2953218 (E.D.N.Y. July 14, 2021) and *Martinez v. MyLife.com, Inc*., 2021 WL 5052745 (E.D.N.Y. Nov. 1, 2021) agreed with the *Winegard* analysis. Most of the cases upon which plaintiff is likely to rely are either dicta (because they did not address standalone websites as opposed to websites connected to physical brick and mortar businesses), or fail to grapple with the *Newsday* analysis (in large part because most predate *Newsday*), instead relying on policy arguments rather than statutory analysis. Defendant's proposed motion presents this court with an opportunity to take a fresh look at the statute and reach its own conclusion as to the best interpretation of the law.

Additionally, the same standing and pleading analysis described above applies under New York City law, and thus plaintiff's claims should be dismissed on that basis; even if the analysis did not, defendant would argue in the alternative that the court should not accept supplemental jurisdiction over that claim if it dismissed plaintiff's federal claims. Indeed, because plaintiff's claims under the ADA are purely for injunctive relief, the New York City law claims, which allow for damages, are likely to predominate over federal claims. Finally, as a matter of law plaintiff is not entitled to much of the relief he seeks under the NYSHRL and NYCHRL, asking for compensatory damages without ever even pleading that she has

Hon. Paul G. Gardephe, U.S.D.J.
November 10, 2022
Page 3 of 3

actually been damaged, and asking for statutory damages, "civil penalties and fines" for which there is no private right of action under those two statutes.

We thank the Court for its attention to this matter. We are available at Your Honor's convenience if the Court has any questions, and we look forward to fully briefing these issues for the Court's consideration.

Respectfully submitted,

David Stein

cc:  Mars Khaimov, Esq. (via ECF)