**Mars Khaimov Law, PLLC**

108-26 64th Avenue, Second Floor

Forest Hills, NY 11375

Tel.: 929.324.0717

E-mail: mars@khaimovlaw.com

November 30, 2022

<u>**BY ECF**</u>
The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Valerie Dicks v. AmeriMark Direct LLC d/b/a Beauty Boutique,*
               Case No. 22-cv-6441-PGG-KHP
               <u>Response to Defendant's Pre-Motion Letter</u>

Dear Judge Gardephe:

We represent plaintiff Valerie Dicks ("Plaintiff") on behalf of herself and all others similarly situated in the above-referenced action and respectfully write pursuant to Rule IV(A) of the Court's Individual Rules of Practice in Civil Cases in response to the pre-motion letter filed by defendant AmeriMark Direct LLC d/b/a Beauty Boutique ("Defendant") on November 11, 2022 (ECF No. 13, the "Letter").

The Complaint filed in this action alleges that Defendant's website, https://www.beautyboutique.com (the "Website"), is coded and designed with numerous access barriers that have effectively barred Plaintiff, a visually impaired individual, from benefitting from and utilizing the services that Defendant offers on the Website. Based on this, the Complaint alleges that Defendant's Website is in strict violation of Title III of the American Disabilities Act, 42 U.S.C. § 12181, *et seq*. (the "ADA"); the New York State Human Rights Law, N.Y. Exec. Law Article 15, Executive Law § 292 *et seq*. ("NYSHRL"); the New York State Civil Rights Law, NY CLS Civ. R., Article 4, CLS Civ R § 40 *et seq*. ("NYSCRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-102, *et seq*. (the "NYCHRL"). In addition, the Complaint seeks declaratory relief concerning such violations.

In its Letter, Defendant states its intention to file a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff opposes Defendant's Letter in its entirety.

In support of its intended Fed. R. Civ. P. 12(b)(1) motion to dismiss, Defendant conclusory asserts that Plaintiff lacks standing to bring the ADA claims raised in the Complaint. *See* Letter at pp. 1-2. Specifically, Defendant argues that Plaintiff "has failed to adequately plead that she would be injured in the future by the alleged problems with the website" and that "Plaintiff pleads only conclusorily that she intends to return to the website at some point in the future." *Id*. at p. 2. Defendant's position is incorrect and fails to account for the explicit pleadings pled in the Complaint. The Complaint explicitly alleges, *inter alia*, that "Plaintiff intends on visiting the Website in the future in order to make additional potential purchases of a hair treatment spray and


other products from Beautyboutique.com[,]" as "Plaintiff enjoys the various selections of personal care products, cosmetics and women`s apparel, and would like to order products to be shipped directly to her home from Defendant's website." Complaint at ¶ 37. While Defendant asserts that "courts in this Circuit require something more than a vague possibility of returning," the Complaint sufficiently alleges Plaintiff's intent to return in a manner more than "a vague possibility." In addition, and importantly, Plaintiff is unable to specify further details concerning the timing of her future intent, as Defendant's Website is currently not accessible to visually impaired consumers (including Plaintiff) and Plaintiff does not know when Defendant will make the Website accessible. Plaintiff's inability to plead her intent with further specificity is therefore a direct result of the very violations raised in this action that Defendant seeks to avoid.

Defendant attempts to convince this Court that the Complaint fails to state a claim upon which relief can be granted because Defendant's Website is not a place of public accommodation covered by Title III of the ADA. Letter at p. 2. Defendant has predicted that "Plaintiff will… portray this as a settled legal question" (*id.*), and correctly so, as, for purposes of cases that are brought before the U.S. District Court for the Southern District of New York, the question is all but settled.

While Defendant is technically correct that "[t]here is no controlling law in the Second Circuit as to that argument" (Letter at p. 2), Defendant is incorrect that "[m]ost of the cases upon which plaintiff is likely to rely are either dicta (because they did not address standalone websites as opposed to websites connected to physical brick and mortar businesses), or fail to grapple with the [*Winegard v. Newsday LLC*] analysis (in large part because most predate *Newsday*)." *Id.* Defendant fails to account for the strong judicial trend that continues in this district demonstrated by decisions that are not dicta, that directly engage in intensive statutory analysis to determine the issue, and that were decided ***after*** the sole three cases out of the Eastern District of New York on which Defendant relies (*i.e., Winegard v. Newsday LLC*, *Suris v. Gannett Co.*, and *Martinez v. MyLife.com, Inc.*). *See, e.g., Tavarez v. Moo Organic Chocolates*, LLC, No. 21-CV-9816 (VEC), 2022 U.S. Dist. LEXIS 154249, at *4 (S.D.N.Y. Aug. 26, 2022) (analyzing the language and intent of the ADA and holding that "this Court concurs with the vast majority of other judges in this District who have decided the issue that a 'place of public accommodation' includes public-facing websites that are not tethered to a physical location"); *see also id.* at *4, fn. 2 (noting that "at least seven of [the court's] colleagues, one of whom has since ascended to the Second Circuit, have found that Title III of the ADA applies to websites" (*citing cases*).

Even further, while Defendant puts the holdings of *Newsday*, *Suris*, and *Martinez* in the same box and presents them to the Court as a conclusive minority of holdings finding all websites without physical locations fall short of protection by Title III of the ADA, it is not so. The court in *Suris*, for example, did reach the conclusion that the subject website was not a place of public accommodation, but in doing so noted that "[a]s news website publishers or operators, defendants are also 'not sufficiently analogous' to any of the public accommodations listed in the statute to be 'deemed to be a public accommodation.'" *Suris v. Gannett Co.*, 2021 US Dist LEXIS 131341,



**Mars Khaimov Law, PLLC**

at *5 (July 14, 2021). Likewise, the website at issue in *Martinez*, www.mylife.com, provided users with "the ability to create an account and purchase a subscription to manage, improve, and learn about one's online reputation." *Martinez v Mylife.com, Inc*., 2021 US Dist LEXIS 210585, at *2 (EDNY Nov. 1, 2021). Given the nature of the website, the court in *Martinez* found itself unable to construe the term "sales establishment" to include a website *selling web-based services*, as was the subject website in that case. *Id*., at *5-6.  This is strikingly distinct from Defendant's Website, which sells physical products to consumers.

Finally, Defendant argues against Plaintiff's state law claims. To the extent such arguments rely on the previous set of arguments, these arguments fail for the same reasons detailed above. To the extent that Defendant asserts that "as a matter of law [P]laintiff is not entitled to much of the relief [she] seeks under New York City law" (Letter at p. 3), Defendant fails to specify how exactly that is so; accordingly, Plaintiff is unable to respond in full. However, as stated, Plaintiff opposes these conclusory statements in their entirety and is prepared to demonstrate the veracity of the claims raised under New York law as well.

We thank the Court for its consideration of this matter.

Respectfully submitted,

**MARS KHAIMOV LAW, PLLC**

*/s/ Mars Khaimov*
Mars Khaimov, Esq.

cc: Counsel of record (via ECF)

