```
------------------------------------------------------------ X
                                                             :
                                                             :
                                                             : CIVIL ACTION NO.: 1:22-cv-6441
VALERIE DICKS

Plaintiff,
                                                             :

against


AMERIMARK DIRECT, LLC
                                                             :
                                                             :
Defendant.
                                                             :
                                                             : ------------------------------------------------------
                                                             X
```

## PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on _____** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

```
------------------------------------------------------------  X
                                                              :
                                                              : CIVIL ACTION NO.: 1:22-cv-6441
VALERIE DICKS
                                                              :
Plaintiff,
                                                              :
against


AMERIMARK DIRECT, LLC
                                                              :
                                                              :
Defendant.
                                                              :
                                                              : -------------------------------------------------------
                                                              X
```

**PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING**

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on _____** (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

2. **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff: This lawsuit concerns whether Defendants are violating the Americans with Disabilities Act and the New York City Human Rights Law (collectively, the "ADA") by not making their website equally accessible to the visually impaired. Defendant owns and operates the website www.beautyboutique.com, which Plaintiff maintain does not provide reasonable accommodations under the ADA. Plaintiff is blind and cannot use a computer without the assistance of screen-reading software. Defendant's' website is, however, not adequately designed to be read by screen-reading software. Because of this, Plaintiff encountered multiple barriers that denied him access to the website equal to sighted individuals. In his Complaint, Plaintiff asserts that Defendant's website is a "place of public accommodation under the ADA. He further asserts Defendants are violating these statutes by not taking the necessary steps to ensure that he and other visually impaired individuals have full and equal enjoyment of the goods and services of the website.

The Second Circuit has held the protections of Title III of the ADA extend beyond physical structures. See Pallozzi v. Allstate Life Ins. Co., 198 F.3d 28 (2d Cir. 1999). In Pallozzi, the Court of Appeals held Title III requires not only that a "place of public accommodation" be physically accessible by the disabled, but also the goods or services there offered cannot be denied on the basis of disability. Id. at 31 ("We believe an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability.").

Defendant: Defendant's position is that plaintiff is a serial ADA filer, suing companies *en masse* for allegedly inaccessible websites with non-specific, boilerplate allegations. Defendant believes it is unlikely that plaintiff is a *bona fide* plaintiff with standing to bring the claims asserted, doubts that she has suffered any actual damages, and further disputes that its website poses the accessibility barriers that plaintiff alleges. Defendant also denies that it is a place of public accommodation governed by Title III of the ADA. Five circuit courts of appeal have held that a "place of public accommodations" must be a physical place, and that a website for an online business with no public facing brick and mortar location is not subject to the ADA. *Pallozzi* does not hold to the contrary — it was a case about an insurance office, which is expressly defined in the statute to be a place of public accommodation — and the issue is unresolved in the Second Circuit. NYCHRL claims are evaluated under the same standard as the ADA. Defendant also disputes that the WCAG guidelines cited by plaintiff in her complaint are required for compliance with the cited statutes. Additionally, defendant contends that even if plaintiff's claims had merit on an individual basis, she cannot meet the Fed. R. Civ. P. 23 standards for certifying this case as a class action.

3.  **Basis of Subject Matter Jurisdiction:** Title III of the Americans with Disabilities Act and the New York City Human Rights Law (, the "ADA") **.**

4.  **Subjects on Which Discovery May Be Needed**

Plaintiff(s): Defendant's website accessibility.

Defendant(s):  Defendant intends to take discovery to determine plaintiff's bona fides as a potential customer of defendant's, in the past and in the future, as well as her experiences accessing the website, the barriers she purportedly encountered, and her abilities with respect to the use of screen reading software.  In addition, defendant will seek any discovery relating to any damages suffered by plaintiff.  Defendant will seek documentary discovery regarding her past access to the website, as well as her history of serial ADA litigation, and will then depose her regarding the above issues.   Finally, defendant will pursue expert discovery regarding the accessibility of the website.

5.  **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on _____. In addition, on _____, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Defendant(s)*** on _____. In addition, on _____, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by __4/13/22____.

***The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.***

a. <u>Depositions</u>: Depositions shall be completed by __4/13/22____ and limited to no more than ___3__ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or

before _____1/13/23_____. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c. <u>Requests for Admission</u>: Requests for admission must be served on or before _____2/15/23_____.

d. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on _____1/13/23_____ and responses shall be due on _____2/12/23_____. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

e. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

8. **Amendments to Pleadings**

    a. Are there any amendments to pleadings anticipated?_____

    b. Last date to amend the Complaint: _____

9. **Joinder of Parties**

    a. Are there other necessary parties that need to be joined? Y/N

    b. Is joinder of other parties anticipated? _____

    c. Last date to join other parties: _____

10. **Expert Witness Disclosures**

At this time, the parties **do**/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by ____5/29/23_____.

11. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? _____

    b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? _____

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

12. **Anticipated Motions**

Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(a) and (b) class certification. Defendant anticipates filing a motion to dismiss, and if the case remains, a motion for summary judgment at the close of discovery. Defendant intends to oppose any motion for class certification.

13. **Early Settlement or Resolution**

The parties **have**/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than _____.

The following information is needed before settlement can be discussed:

14. **Trial**

a. The parties anticipate that this case will be ready for trial by _____.

b. The parties anticipate that the trial of this case will require __3_____ days.

c. The parties request a **jury**/bench (circle one) trial.

d. The parties consent/**do not consent** (circle one) to Magistrate Judge jurisdiction at this time.

15. **Other Matters**

_____
_____
_____

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for**

**all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.**

Respectfully submitted this _____ day of _____, 20____.

ATTORNEYS FOR PLAINTIFF(S):            ATTORNEYS FOR DEFENDANT(S):

_____                 _____